### DANZIGER v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Term.   June 6, 1907.)

CARRIERS—ASSAULT ON PASSENGER—PROVOCATION OF EMPLOYÉ.

 A carrier is liable for damages from insult to and assault on a passenger by a guard of the carrier on the car, notwithstanding the use of provoking language by the passenger.

 [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1121.]

Appeal from City Court of New York, Trial Term.

Action by Abraham J. Danziger against the Interborough Rapid Transit Company. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and FITZGERALD and GOFF, JJ.

Charles A. Gardiner (J. Osgood Nichols and G. Tarleton Goldthwaite, of counsel), for appellant.

Nathaniel Levy, for respondent.

GILDERSLEEVE, P. J.   Plaintiff testifies substantially as follows, viz.:   On February 1, 1904, returning from business and on his way to his home in the Bronx, he boarded a car of defendant at the Ninth Street station. It was an express station, and so crowded that plaintiff was unable to get inside the car, and was obliged to remain upon the platform, with many other passengers. When the train got near Eightieth street the wind blew off plaintiff's hat, and he remained standing with his hat off. When the train slowed down near Ninety-Ninth street, the plaintiff said to defendant's guard: "Please make an attempt to get me inside." The guard replied: "You damned sheeny, what in hell is the matter with yourself getting inside the car? Do you think I am here as your slave?" The plaintiff replied: "I thought you were here for that purpose." The guard then shook his fist under plaintiff's nose and said: "You damned sheeny, if you say another word I will pitch you onto the track." A woman passenger began thereupon to scream. Plaintiff told her to keep quiet, and said: "Just give me his name, and I will complain about this man. I have

complained about this man before." Plaintiff then wrote down the guard's name, but the evidence does not disclose how he had ascertained it. While plaintiff was so writing, the guard asked him if he was "writing it in sheeny." The plaintiff made no reply, and the guard asked him: "Are you writing it in goose language?" The plaintiff made no reply, but the guard continued talking for a time longer. When the train reached the 106th Street station a number of passengers got off, and plaintiff went inside the car. He had no seat, but stood with his hand on a strap until the car reached 116th street, when the guard opened the door and called out the name of the station. He then walked up to the plaintiff, and, taking him by the neck, dragged him out of the car and attempted to pitch him into the street, while plaintiff tried to hold onto the railing. The guard said: "I will kill you, and you will have no chance to complain about me again. You have complained about me before." Some people interfered and pulled the guard away from the plaintiff. The guard, however, pushed them away, and gave plaintiff "a shove down the staircase." The plaintiff got away, and tried to get back on to the car; but the guard shut the gate in his face. The plaintiff's mouth and nose were bleeding as a result of the fight, and he was "trembling like a leaf from the shock." His overcoat was "torn to shreds." He was taken home and treated by a physician, the witness Dr. Leopold Haas. He stayed away from business two weeks. The plaintiff is corroborated in the essential details by the witnesses Ida Birkham, Samuel Bowner, and Abraham Brucher. The jury gave plaintiff a verdict of $750.

The guard, who has become a policeman since this occurrence, was called, and gave quite a different version of the occurrence; but, as the jury found for plaintiff, we will accept the plaintiff's account as correct, although the guard is corroborated by two apparently disinterested witnesses, Foley and Gary, who were passengers in the car at the time in question and saw the occurrence. The issues were clearly and fully submitted to the jury by the learned court below in a charge to which no exception was taken. The plaintiff was lawfully in defendant's car, and had paid his full fare for transportation. A common carrier is liable in damages to a passenger for an injury to his feelings caused by the insulting language of its employé, and for an unlawful assault upon the passenger by such employé, upon the ground of a breach of its contract, which obligates it, not only to transport the passenger, but to accord to him respectful and courteous treatment and to protect him from insult and assault from strangers on its car and its own employés; and among the elements of damage in such a case, and which may be considered in determining their amount, are the humiliation and injury to his feelings suffered by him, but not injury resulting to his character therefrom. Other elements of damage are, of course, physical injuries and injury to his clothing or personal property. He is entitled to recover compensatory damages only, and not punitive or exemplary damages. Gillespie v. Bklyn. Hgts. R. Co., 178 N. Y. 347, 70 N. E. 857, 66 L. R. A. 618, 102 Am. St. Rep. 503, and authorities there collated and discussed. Any person rightfully on the car of a common carrier is entitled to protection

by the carrier, and any breach of its duty in that respect is in the nature of a tort, and recovery may be had in an action in tort, as well as for a breach of the contract. Id.; 2 Sedgwick on Damages, 637. It is the claim of the guard, which is not specifically denied by the plaintiff, that plaintiff used provoking language; but, as was said with approval in Dwinelle v. N. Y. C. & H. R. R. Co., 120 N. Y. 125, 24 N. E. 322, 8 L. R. A. 224, 17 Am. St. Rep. 611:

"Numerous * * * authorities hold that, no matter what the motive is which incites the servant of the carrier to commit an unlawful or improper act toward the passenger during the existence of the relation of carrier and passenger, the carrier is liable for the act and its natural and legitimate consequences."

The numerous exceptions found in the record do not present any error of such weight as to require a reversal. The case was carefully tried by the learned court below, there is sufficient evidence to warrant the jury in finding for plaintiff, and the amount of the verdict cannot be said to be excessive, under the circumstances disclosed by plaintiff's testimony. The judgment and order should be affirmed, with costs.

Judgment affirmed, with costs. All concur.